156-07/PJG/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 0335)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GE SEACO SRL,

               Plaintiff,

    -against-

ASIATIC SHIPPING SERVICES, INC. and
PACIFIC INTERLINK SDN BHD,

               Defendants.
------------------------------------------------------------x



07 Civ.

**VERIFIED COMPLAINT**

Plaintiff, GE SEACO SRL (hereinafter "GESC"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against the named Defendants ASIATIC SHIPPING SERVICES, INC. (hereinafter "ASIATIC SHIPPING") and PACIFIC INTERLINK SDN BHD (hereinafter "PACIFIC INTERLINK") (collectively "Defendants"), alleges upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a series of maritime contract for the lease of freight containers used for carriage of cargo on seagoing vessels, and thus falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. At all times relevant hereto, Plaintiff GESC was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Chancery House, High Street, Bridgetown, Barbados, West Indies.

3. At all times relevant hereto, Defendant ASIATIC SHIPPING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Arango Orillac Building, 3rd floor, 54th Street, Obamo Panama, Republic of Panama.

4. At all times relevant hereto, Defendant PACIFIC INTERLINK was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 31st floor, Menara Dato 'Onn Putra World Trade Centre, 45 Jalan Tun Ismail, Kuala Lumpur, 50480 Malaysia.

5. Defendant ASIATIC SHIPPING utilizes other entities as paying or funding agents for purposes of receiving, holding and/or transferring funds, including but not limited to East Star Trading Co. Ltd., which entity is used to hold, transfer, receive and/or are in possession of assets of Defendant ASIATIC SHIPPING.

6. Pursuant to a series of lease agreements entered into in 2003 and 2004 between Plaintiff GESC, as lessor, and ASIATIC SHIPPING and PACIFIC INTERLINK (collectively referred to as "Defendants"), as lessee, ocean containers were made available to the Defendants in exchange for their agreement, *inter alia,* to pay hire for the daily use of the containers.

7. As of March 2007, Defendants were in arrears in the payment of hire and as of March 10, 2007, there was presently due and owing the sum of $627,252.96, no part of which has been paid despite due demand, the failure in payment constituting a breach of the relevant agreements.

8. In addition to the foregoing, and owing to the failure to have timely remitted the hire, Plaintiff GESC notified Defendants of their default, and in accordance with the terms and conditions of the applicable contracts, demanded the return of the containers to an appropriate depot.

9. Defendants have failed or otherwise refused to return the containers and are thus liable under the terms of the applicable agreements for the replacement value of all equipment, at the values specified in the agreements.

10. There are presently 3,279 containers under the leases at issue which have not been returned and the value pursuant to the terms of the applicable contracts, and after allowance for depreciation is about $5,108,316.11.

11. Plaintiff has fulfilled all obligations required of it under the lease agreements.

12. The lease agreements provide that they are to be governed by English law, and subject to English jurisdiction, and Plaintiff specifically reserves its right to proceed in that or any other appropriate forum for the adjudication of the merits of this claim.

13. This action is brought to obtain jurisdiction over Defendants and to obtain security in favor of Plaintiff in respect to its claims against Defendants and in aid of the foreign proceedings.

14. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees, disbursements, costs and interest, all of which are recoverable as part of Plaintiff's claim under English law

15. Plaintiff's anticipated attorney fees and costs in connection with its claims against Defendants are estimated to total $400,000 and interest on the amounts owed at a rate of 6% until the entry of judgment in three (3) years is estimated to be $919,496.89.

## Request for Rule B Relief

16. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of their respective names or for their benefit, or in the name of Defendant ASIATIC SHIPPING's paying agent East Star Trading Co. Ltd., at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro, American Express Bank, Atlantic Bank of New York, BNP Paribas, Bank of America, Bank of China, Bangkok Bank Public Co., Ltd., Bank of Tokyo-Mitsubishi, Ltd., Calyon Corporate & Investment Bank, Credit Lyonnais, Credit Agricole Group, Calyon, Calyon Credit Lyonnais New York, Calyon New York, Citibank, Deutsche Bank, HSBC, HSBC USA Bank NA, JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or other institutions or such other garnishees who may be served with a copy of the process of Attachment issued herein.

WHEREFORE, Plaintiff GE SEACO SRL prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing;

b. That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants up to and including

$6,427,813.00 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendants (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in either of their respective names, or as may be held, received or transferred for their benefit, or in the name of Defendant ASIATIC SHIPPING's paying agent, East Star Trading Co. Ltd., at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro, American Express Bank, Atlantic Bank of New York, BNP Paribas, Bank of America, Bank of China, Bangkok Bank Public Co., Ltd., Bank of Tokyo-Mitsubishi, Ltd., Calyon Corporate & Investment Bank, Credit Lyonnais, Credit Agricole Group, Calyon, Calyon Credit Lyonnais New York, Calyon New York, Citibank, Deutsche Bank, HSBC, HSBC USA Bank NA, JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and and/or other garnishee(s) which may subsequently be identified and upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c.  That the Court, to the extent a judgment is rendered against the Defendants, or any of them, to recognize that judgment as a judgment of this Court; and

d.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the foreign proceedings; and

e.  For such other, further and different relief as this Court may deem just and proper in the premises.


Dated: New York, New York
       April 3, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff GE SEACO SRL

By: _____
    Peter J. Gutowski (PG 2200)
    Pamela L. Schultz (PS 0335)
    80 Pine Street
    New York, NY 10005
    (212) 425-1900

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by English solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
3 day of April 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/09

NYDOCS1/280370.2                    7